# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

ALBERT CHARLES CREWS,            )
                                 )
Plaintiff,                       )
                                 )
    vs.                          )    NO. 2:07-CV-286
                                 )
JOHN J. WIDUP, *et al.*,         )
                                 )
Defendants.                      )

## OPINION AND ORDER

This matter is before the Court on Defendant, Dr. George Shotick's Motion for Summary Judgment, filed on September 8, 2009. For the reasons set forth below, the Court **GRANTS** Defendant Shotick's motion for summary judgment (DE# 38), and **DIRECTS** the clerk to enter judgment in favor of the Defendants and against the Plaintiff.

BACKGROUND

Plaintiff, Albert Crews, a prisoner currently confined at the Morgantown Federal Correctional Institution, filed a complaint pursuant to 42 U.S.C. section 1983 while he was confined at the Porter County Jail alleging that jail officials violated his federally protected rights. In his complaint, Crews alleged that the Porter County Jail officials failed to treat him for over thirty days for a serious and painful medical problem. In its screening order, pursuant to 28 U.S.C. section 1915A, the Court

granted the plaintiff leave to proceed against Dr. George Shotick, in his personal capacity for damages on his claim that Dr. Shotick was deliberately indifferent to his serious medical needs and dismissed all other claims and defendants pursuant to 28 U.S.C.1915A(b)(1).

DISCUSSION

Summary Judgment Standard

Summary judgment motion standards are familiar. Pursuant to rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate where it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991). In deciding a motion for summary judgment, a court must consider all facts in the light most favorable to the nonmovant. *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008.)

The movant has the burden to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which [the movant] believes demonstrate the absence of a genuine issue of material

2

fact." *Celotex*, 477 U.S. at 323 (quoting Fed.R.Civ.P. 56(c)). Once the movant has met this burden, the nonmovant may not rest upon mere allegations, but must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *Becker v. Tenenbaum-Hill Assocs.*, 914 F.2d 107, 110 (7th Cir. 1990). If a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate. In this situation, there can be "'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23 (quoting Fed.R.Civ.P. 56(c)).

<u>There is no question of material fact and Dr. Shotick is entitled to judgment as a matter of law because he was not deliberately indifferent to Albert Crews's medical condition.</u>

In his complaint, Crews alleges that on October 14, 2006, he began to have blood in his stool. He states that he repeatedly advised custody officers of his condition, but though they told him they had contacted the jail nurse, he was not seen for several hours. When he saw the nurse, she told him that she would contact a doctor. Later he showed the nurse blood in his stool and she again said she would notify a doctor. Crews alleges that Dr. George Shotick did not see him and that he received "very little if any medical treatment." (DE# 1 at 3). Crews alleges that he

3

submitted several requests to see the doctor but that Dr. Shotick did not see him for over thirty days.

Crews was at the Porter County Jail as a Federal pretrial detainee. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Id.* at 535 n. 16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d at 1457. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

In support of his motion for summary judgment, Dr. Shotick provides his own affidavit and medical and classification records from Crews's stay at the Porter County Jail. According to these submissions, in 2006 Dr. Shotick was one of several physicians

4

employed by Advanced Correctional Healthcare ("ACH") on contract to supply medical care to inmates at the Porter County jail. Dr. Shotick was to visit the jail once a week to examine inmates who were on sick call and to be on call along with the other ACH physicians for telephone consultations if medical problems arose at the jail. (DE# 39-1 ¶4).

On October 14, 2006, Crews filled out a sick call request complaining of having bloody bowel movements. (DE# 39-5). The nurse on duty called another ACH physician who told her the bleeding might be from a burst hemorrhoid and directed her to observe Crews overnight. The nurse noted that Crews made no further complaints to her that night. (DE# 39-1 ¶6). Several days later, Crews asked to be placed on sick call, and Dr. Shotick saw him on October 26, 2006. This is the first time Dr. Shotick was aware of Crews's problem. Dr. Shotick examined Crews, noting an old external hemorrhoid and concluded that his problem on October 14 was likely a hemorrhoid problem that was now resolved and which required no treatment. (DE# 39-1 ¶¶ 7 and 8). Dr. Shotick prescribed an antibiotic to Crews to deal with Crews's longstanding problem with chlamydia.

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A medical need is "serious" if it is one that a

physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

Because deliberate indifference is comparable to criminal recklessness, *Farmer v. Brennan*, 511 U.S. at 837, a plaintiff must demonstrate more than inadvertence or negligence. *Billman v. Indiana Department of Correction*, 56 F.3d 785 (7th Cir. 1995). He must show "something approaching a total unconcern for her welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992), *citing McGill v. Duckworth*, 944 F.2d 344 (7th Cir. 1991). The defendant must have known of and disregarded an "excessive risk" to the inmate's health or safety. *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), *quoting Farmer v. Brennan*, 511 U.S. at 837-838. Even negligence, medical malpractice, and incompetence state no claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Dr. Shotick's submissions establish that when Crews complained of a bloody stool on October 14, 2006, a nurse contacted a doctor who gave instructions to the nurse on how to

6

proceed. That doctor did not conclude that Crews's problem constituted a sufficient medical need to require immediate treatment. Dr. Shotick was not the doctor called by the nurse on October 14, and he had no personal involvement in or knowledge of this incident.

When Crews reported for sick call on October 26, 2006, Dr. Shotick examined him and concluded that his hemorrhoid problem was resolved and did not constitute a current problem requiring medical intervention. Dr. Shotick also prescribed him with medication for another problem.

Even assuming that Crews had a serious medical need on October 14, 2006, Dr. Shotick could not be found to be deliberately indifferent to it because he was not involved in examining or treating him on that occasion. A plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F. 2d 335, 339 (7th Cir. 1985). Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d

7

864, 869 (7th Cir. 1983). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Zimmerman v. Tribble*, 226 F.3d 568 (7th Cir. 2000); *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993); *Adams v. Pate*, 445 F.2d 105, 107 (7th Cir. 1971).

Dr. Shotick became aware of Crews's hemorrhoid problem on October 26, 2006, when he saw Crews on sick call. As a result of his examination, Dr. Shotick concluded he that the hemorrhoid problem was resolved and that he had no current serious medical need. Nothing in Dr. Shotick's conduct on October 26 suggests that Crews meets either the objective or subjective requirement of the *Farmer v. Brennan* test, or that Dr. Shotick was deliberately indifferent to Crews's serious medical needs.

CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Dr. George Shotick's motion for summary judgment (DE# 38), and **DIRECTS** the clerk to enter judgment in favor of the defendants and against the Plaintiff.

**DATED: January 11, 2010**          /s/RUDY LOZANO, Judge
                                      **United States District Court**